**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 30 2012, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NANCY A. MCCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.R.T., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.   20A03-1110-JV-477 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
The Honorable Deborah A. Domine, Magistrate
Cause No.  20C01-1106-JD-248

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

J.R.T. appeals the juvenile court's order that he be committed to the Indiana Department of Correction (the "DOC").

We affirm.

ISSUE

Whether the juvenile court abused its discretion by committing J.R.T. to the DOC.

FACTS

On April 6, 2011, J.R.T. and two other juveniles burglarized a residence from which they took several items. On June 17, 2011, the State filed a petition, alleging J.R.T. to be a delinquent child for committing an act that would constitute class B felony burglary, if committed by an adult. The juvenile court approved the filing of the petition.

The juvenile court held an admission and disposition hearing on August 2, 2011. J.R.T. admitted the allegation in the petition, and the juvenile court adjudicated J.R.T. a delinquent child on that basis. The juvenile court ordered a sixty-day suspended commitment to the Elkhart County Juvenile Detention Center (the "JDC") and placed J.R.T. on supervised probation. The juvenile court also ordered J.R.T. to participate in the Victim Offender Reconciliation Program; perform one hundred hours of community service; submit to random drug tests; and participate in a program called Thinking for Change.

The juvenile court held a review hearing on August 30, 2011. The trial court heard testimony that J.R.T. had tested positive for marijuana the day of the dispositional hearing; had not performed any community service; and had failed to attend two Thinking for Change classes. The juvenile court therefore ordered detention in the JDC.

The juvenile court held another review hearing on September 13, 2011, during which it heard testimony that J.R.T. had failed to follow the rules regarding telephone use; had "exhibited poor behavior," (tr. 34), including banging on his door in a disruptive manner and bragging about beating up someone; had failed to follow the rules during his group sessions; had used "racial slurs and profanity," (tr. 34); and had written about "bitch slapping the judge." (Tr. 35). The juvenile court ordered further detention and set the matter for an additional review hearing.

During the review hearing on September 27, 2011, the juvenile court heard testimony that J.R.T. continued to behave badly and violate the rules while at the JDC. J.R.T., however, testified that he believed he had "show[n] a lot of improvement" and requested another chance at JDC. (Tr. 51). The juvenile court awarded wardship of J.R.T. to the DOC.

DECISION

J.R.T. asserts that the juvenile court abused its discretion in committing him to the DOC as a less-restrictive placement was available.

> [T]he choice of the specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion. The

3

> juvenile court's discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom. Hence, the juvenile court is accorded wide latitude and great flexibility in its dealings with juveniles.

*J.S. v. State*, 881 N.E.2d 26, 28 (Ind. Ct. App. 2008) (internal citations omitted).

Although the juvenile court is given wide latitude and great flexibility in determining the disposition of a delinquent child, its discretion is circumscribed by statute. Indiana Code section 31-37-18-6 provides, inter alia, that "[i]f consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that . . . is . . . in the least restrictive (most family like) and most appropriate setting available" and "provides a reasonable opportunity for participation by the child's parent . . . ." Ind. Code § 31-37-18-6(1)(A), (5).

The record reveals that the juvenile court gave J.R.T. several opportunities to reform his behavior. J.R.T., however, demonstrated a number of behavioral problems and failed to follow the rules during his periods of detention. We therefore find no abuse of discretion in placing J.R.T. in the DOC.

Affirmed.

BAKER, J., and BAILEY, J., concur.

4